734 F.2d 225
 Gerard O. BREATH, Individually d/b/a The Roach Coach, and on
behalf of all others similarly situated,
Plaintiff-Appellee Cross-Appellant,
v.
Alwynn J. CRONVICH, (former) Sheriff of Jefferson Parish and
Harry Lee, Sheriff of Jefferson Parish,
Defendants-Appellants Cross-Appellees,
Lloyd BROWN, Individually and on behalf of all others
similarly situated, Plaintiff-Appellee,
v.
Alwynn J. CRONVICH, (former) Sheriff of Jefferson Parish and
Harry Lee, Sheriff of Jefferson Parish,
Defendants-Appellants.
Gerard O. BREATH, Individually d/b/a The Roach Coach, and on
behalf of all others similarly situated,
Plaintiff-Appellee Cross-Appellant,
v.
Alwynn J. CRONVICH, Former Sheriff of Jefferson Parish, et
al., Defendants-Appellants Cross-Appellees,
and
Edwin W. Edwards, Governor of Louisiana, Defendant-Appellant
Cross-Appellee.
Lloyd BROWN, Individually and on behalf of all others
similarly situated, Plaintiff-Appellee,
v.
Alwynn J. CRONVICH, Former Sheriff of Jefferson Parish, et
al., Defendants-Appellants,
and
Edwin W. Edwards, Governor of Louisiana, Defendant-Appellant.
 Nos. 83-3035, 83-3438.
 United States Court of Appeals,
Fifth Circuit.
 June 14, 1984.
 
 Robert M. Hearin, Jr., New Orleans, La., for Breath.
 Richard Goins, New Orleans, La., for Brown.
 Patricia N. Bowers, Asst. Atty. Gen., New Orleans, La., for State of Louisiana.
 William J. Guste, Jr., Atty. Gen., Patricia Nalley Bowers, Asst. Atty. Gen., New Orleans, La., for Treen.
 Richard M. Michalczyk, Cronvich, Wambsgans & Michalczyk, Metairie, La., Durrett, Hardin, Hunter, Dameron & Fritchie, Emile C. Rolfs, III, Baton Rouge, La., for Cronvich, et al.
 Lee, Martiny & Caracci, Daniel R. Martiny, Metairie, La., for Lee.
 Appeals from the United States District Court for the Eastern District of Louisiana.
 ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC
 (Opinion 4/16/84, 5 Cir., 1984, 729 F.2d 1006)
 Before BROWN, GEE and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 On petition for rehearing, Breath argues that we failed to consider the trial court's award of special damages under state law for damage caused to his vehicle as a result of the tow. While it is correct that the district court awarded Breath $190.50 for repairs to his vehicle, $20 for the towing and impairment fee, and $1000 for "upset, distress and considerable inconvenience," these damages resulted from the trial court's finding of Sec. 1983 liability and not as a result of the pendent state claims. It is clear from the district court's opinion that the state law issues were never reached.
 
 
 2
 Consequently, our opinion is amended to REMAND the case so that the district court may decide whether to consider the state law claims. In all other respects, our judgment is AFFIRMED.
 
 
 3
 The Petition for Rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestion for Rehearing En Banc is DENIED.